IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALLEN ROD TONGCO ANDRADE,

      Petitioner,           No. 2:11- cv-2614 EFB P

      vs.

UNITED STATES OF AMERICA, et al.,

      Respondents.      <u>ORDER</u>

/

    Petitioner is a state prisoner proceeding without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to afford the costs of suit. Therefore, the request is granted.

    This action proceeds on the June 25, 2012 amended petition.[1] Dckt. No. 14. For the reasons explained below, the court finds that the petition must be dismissed with leave to amend. *See* Rule 4, Rules Governing § 2254 Cases (requiring summary dismissal of habeas petition if,

---

[1] Petitioner filed with his first amended petition a motion to amend the petition. Dckt. No. 14. As the original petition was never served on respondents, petitioner was allowed to amend the petition once as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). The motion will therefore be denied as unnecessary.

1

upon initial review by a judge, it plainly appears "that the petitioner is not entitled to relief in the district court").

A judge "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

An application for federal habeas relief must specify all grounds for relief, state facts supporting each ground and state the relief requested. Rule 2(c), Rules Governing § 2254 Cases. While under Ninth Circuit precedent, this court must liberally construe the allegations of a prisoner proceeding without counsel, *see Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006), the court cannot grant relief based on conclusory allegations not supported by any specific facts, *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994). Moreover, a petitioner who seeks relief from multiple judgments must file a separate petition as to each judgment. *See* Rule 2(e), Rules Governing § 2254 Cases. The instant petition violates Rule 2 of the Rules Governing § 2254 Cases. It appears from the petition that petitioner is challenging two separate convictions, one dated May 27, 1999, and the other dated January 28, 2010. *See* Dckt. No. 15. Petitioner provides very little information regarding the factual basis of his claims, but appears to allege that he was not sufficiently advised about the adverse immigration consequences of his criminal convictions. *Id*.

It also appears on the face of the petition that petitioner has failed to exhaust state judicial remedies. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[2] A waiver of exhaustion, thus, may not be implied or inferred. Exhaustion of state remedies requires that petitioners fairly

---

[2] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted).

After reviewing the petition for habeas corpus, it appears as though petitioner has failed to exhaust state judicial remedies. He indicates that he did not appeal his conviction, and his sole state habeas petition was filed in the Solano County Superior Court. Thus, it appears that petitioner's claims have not been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner.

Accordingly, petitioner's application for writ of habeas corpus will be dismissed with leave to amend. Petitioner is cautioned that any amended petition must challenge only one of his convictions and must state facts to support each ground for relief. Further, the amended petition must demonstrate that petitioner has exhausted his state remedies or that state remedies are no longer available.

Accordingly, it is ORDERED that:

1. Petitioner's request for leave to proceed *in forma pauperis* is granted.

2. Petitioner's motion to amend, Dckt. No. 14, is denied as unnecessary.

3. Petitioner has 30 days from the date of this order to file an amended petition for a writ of habeas corpus curing the deficiencies identified in this order. In addition to challenging a single conviction and stating the facts to support each ground for relief, petitioner must also demonstrate that he has presented his claims to the California Supreme Court or that state remedies are no longer available. The petition must bear the docket number assigned to this action and be styled, "Second Amended Petition." The petition must also be complete in itself without reference to any prior petition.

////

////

4.  Petitioner's failure to comply with this order will result in a recommendation that this action be dismissed.

5.  The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

DATED: July 24, 2012

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4